IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDDIE VAN OLIVER, III,**

    **Plaintiff,**

                          **Case No. 2:25-cv-1384**
                          **Judge Algenon L. Marbley**
    v.                      **Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES OF AMERICA,** *et al.*,

    **Defendants.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Eddie Van Oliver III's amended request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 3.) His previous motion (ECF No. 1) is **DENIED** as moot. It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[1] Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff, an Ohio resident appearing here *pro se*, has filed a form Complaint accompanied by 111 pages of exhibits. (ECF No. 1-1, 1-2.) In the caption of his Complaint, Plaintiff names as Defendants the "United States of America Mental Health Industry, Marjuana Industry, Twin Valley Behavioral Healthcare Hospital, Columbus Springs Behavioral East, Riverside Methodist Hospital, Susan Fuhman Campbell Robert, Kristina Rowe Craig Carpenter, Bria Saddle Dr. Kevin Torma and Eddie Oliver Jr." (ECF No. 1-1.)

A review of the Complaint confirms that Plaintiff's allegations are somewhat disconnected. In large part, however, they appear to be a rambling account of his disagreement with a diagnosis and medications he was prescribed in connection with mental health care he received in 2019. By way of representative sample, Plaintiff alleges:

> … Dr. Torma suggested that schizophrenia had gotten worse. I was also admitted to another hospital prior to this. I believe I was sabotaged into those Hospitals. They said terrible things about my character. Some things they said were harmful to my integrity. I am a Christian. … David Huffman is a Neo Nazi. Eddie Oliver Jr. sent me to him and, … David Huffman gave me several different poisons that affected my body and hurt my athleticism. Attorney general denied malpractice claims to me and that damage my character. I was never schizophrenic, and my money has been faucet out of America or several generations I did not take the assassination attempts kindly in Ohio. [H]owever, I have created a legal entity called Financial Accounting Innovations LLC I would like all money that I am owed from three generations placed there. … It is man slaughter to suggest a man who is not schizophrenic is. … The psychotic racial slur is coming from United Kingdom's University of Oxford Study. … Currently, the Prince of the United Kingdom has been rumored to live in California Where my aunt i.e aunt Mary live …

(ECF No. 1-1 at 3.)

By way of relief, Plaintiff seeks, *inter alia*, monetary damages for malpractice and defamation, for this case to be taken seriously, the arrest of Eddie Oliver Jr. "for the high crime he committed in Ohio," and the arrest of the "participants of the high crime." (*Id*. at 4.) The

4

attached exhibits include an order of dismissal issued by Judge Patricia A. Gaughan in a case Plaintiff filed in the Northern District of Ohio against many of the same defendants named here, appearing to raise similar issues and seeking similar relief, *Van Oliver v. Hoffman Huffman*, Case No. 1:23 CV 10 (Memorandum Opinion and Order dated March 143, 2023);  a copy of the Order and Initial Screen Report and Recommendation issued by this Court on August 28, 2025, in *Van Oliver v. State of Ohio*, Case No. 2:25-cv-748; a copy of his resume; copies of docket sheets from other cases Plaintiff has filed in this Court; what appear to be several pages of minutes from Ohio Civil Right Commission meetings; and an order from the United States Court of Appeals for the Eleventh Circuit dated May 27, 2009, affirming the decision of the United States District Court for the Southern District of Alabama denying a *pro se* motion by Eddie Oliver, Jr. seeking a reduction in his sentence on cocaine charges.

 As this summary confirms, Plaintiff's Complaint does not meet the basic notice pleading requirements.  It contains scant facts and fails to attribute any conduct to many of the Defendants.  Moreover, although Plaintiff named the United States of America as a Defendant in his caption, Plaintiff cites no federal laws or constitutional principles in the body of his Complaint such that no federal cause of action is apparent on the face of the Complaint. Additionally, to the extent that Plaintiff suggests an intention to pursue claims of malpractice or defamation, these are both claims arising under state law.  Plaintiff, however, also has failed to provide any allegations supporting the Court's exercise of diversity jurisdiction over these claims.  Indeed, Plaintiff did not identify the citizenship of any of the Defendants.  For these reasons, the Court **RECOMMENDS** that Plaintiff's claims be **DISMISSED IN THEIR ENTIRETY** for lack of subject-matter jurisdiction**.**

### III.

For the reasons explained above, Plaintiff's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 3.)  His previous motion (ECF No. 1) is **DENIED** as moot.  Further, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for lack of subject matter jurisdiction.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation could not be taken in good faith.  Finally, the Clerk is **DIRECTED** to place under seal the following page of Plaintiff's exhibits:  ECF No. 1-2, PAGEID #: 109.  Upon review, that page contains personally identifying information subject to sealing under Fed.R.Civ.P. 5.2.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's

report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date:  December 12, 2025**          /s/ *Elizabeth A. Preston Deavers*
                                      **ELIZABETH A. PRESTON DEAVERS**
                                      **UNITED STATES MAGISTRATE JUDGE**